IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NANCY L. JACOBS, | ) | No. C 09-3605 JSW (PR) |
| Petitioner, | ) | |
| | ) | **ORDER DISMISSING PETITION** |
| v. | ) | |
| PAUL COPENHAVER, Warden, | ) | (Docket No. 2) |
| Respondent. | ) | |

Petitioner, a federal prisoner currently incarcerated at FCI Dublin in Dublin, California, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition is directed to the failure of the Board of Prisons to allow Petitioner a transfer back to SCSP Victoriaville. Petitioner has paid the filing fee.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). Review of the execution of a federal sentence is properly brought as a petition under 28 U.S.C. § 2241. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) (presentence time credit claim); *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980) (parole decision claim); *see also Mills v. Taylor*, 967 F.2d 1397, 1400 (9th Cir. 1992) (granting § 2241 petition alleging denial of presentence time credit). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Hill,* 547 U.S. at 579.

Traditionally, challenges to prison conditions have been cognizable only via

§ 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004). The two remedies are not always mutually exclusive, however. *Id.* at 1031.

Petitioner's claims involve the conditions of her confinement and not the fact or duration of her confinement, hence they are not the proper subject of a habeas action. *See Moran v. Sondalle*, 218 F.3d 647, 650-52 (7th Cir. 2000); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint). The Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). Here, a successful resolution of Petitioner's claims will not affect the length of her sentence. Therefore, Petitioner's claims are properly brought under 42 U.S.C. § 1983, not in a habeas petition.

A district court may construe a habeas petition attacking conditions of confinement as a civil rights action under 42 U.S.C. § 1983. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). However, although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the *Wilwording* case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from his or her prisoner account. In view of this, this case will be dismissed without prejudice to Petitioner filing a civil rights action if she wishes to do so in light of the above.

IT IS SO ORDERED.

DATED: August 19, 2009

_____
JEFFREY S. WHITE
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY L. JACOBS, | Case Number: CV09-03605 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| PAUL COPENHAVER et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 19, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nancy L. Jacobs
FCI Dublin
5675 8th Street
REG No. 25505-112
Dublin, CA 99568

Dated: August 19, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk